WRIGHT et al. v. ANDERSON.

(Supreme Court, Appellate Term.　May 27, 1909.)

1. MONEY PAID (§ 1*)—CONTRACT—PAYMENT OF FREIGHT.
　　Where the seller, who had paid the freight charges, sued the buyer
　　therefor, and alleged that he had promised to pay the reasonable charges,
　　but there was no evidence establishing them, the action must be dis-
　　missed.
　　[Ed. Note.—For other cases, see Money Paid, Dec. Dig. § 1.*]

2. MONEY PAID (§ 1*)—VOLUNTARY PAYMENT—RECOVERY. .
　　A buyer agreed with the seller to pay the reasonable freight. The car-
　　rier charged excessive rates, and the buyer notified the seller not to pay
　　them.　The carrier's agent permitted the buyer to unload the goods, though
　　he refused to pay.　Subsequently the seller paid the charges. Held, that
　　the payment was voluntary, and the seller could not recover the same
　　from the buyer.
　　[Ed. Note.—For other cases, see Money Paid, Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Robert J. Wright and another, composing the firm of Rob-
ert J. Wright & Son, against Otto Anderson.　From a judgment for
plaintiffs, defendant appeals.　Modified and affirmed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Ira G. Darrin, for appellant.

Baker & Hyman (Sol. A. Hyman, of counsel), for respondents.

DAYTON, J.　The complaint, verified July 17, 1908, alleges that
at defendant's request the plaintiffs paid out freight charges amount-

ing to $149.64, being the fair and reasonable charge for such freight, which defendant promised and agreed to pay. In his answer the defendant alleged that in August, 1907, he purchased from plaintiffs 62.35 tons of manure at 65 cents per ton, for which he then paid, and plaintiffs then agreed to procure the transportation thereof by freight to Sunsbury, Conn., a distance of 110 miles, for $1.10 per ton, and from thence to Stratton's Brook, Conn., a distance of about 3 miles, at a fair and reasonable charge therefor, not exceeding a few cents per ton; that plaintiffs' claim is at the rate of $2.40 per ton from New York to Stratton's Brook, of which $1.30 per ton is for freight from Sunsbury to Stratton's Brook, and that said charge of $2.40 is unfair and unreasonable; that the fair and reasonable charge for said freight does not exceed the sum of $74.72, for which amount the defendant consents that judgment be entered. Upon these terms the parties went to trial before a justice without a jury. Judgment was rendered for plaintiffs for $149.64 and costs, from which defendant appeals.

This material was ordered July 29, and August 6, 1907, and the following memorandum was given by plaintiffs, to wit: "65 manure 110 freight." This meant to Sunsbury. The rate to Stratton's Brook was not given.

"I [the witness] said I could not tell him [the rate from Sunsbury]; that it should not be very much for a couple of miles. So the order was left, and we shipped the freight. He said he would pay the freight."

Plaintiffs' witness further testified that plaintiffs had a charge account with the railroad company. Defendant testified that in September, 1907, he bought manure from other New York parties for shipment to Stratton's Brook, the freight of which was $1.85 per ton, and that he notified plaintiffs not to pay the $2.40 rate, but that they paid it nothwithstanding such notice; also that the station agent at Stratton's Brook had asked him (defendant) for the money, as it was charged to him (defendant), not the plaintiffs.

"My understanding was that I was to pay at Sunsbury, and the agent called on me for the money. * * * This manure was sent to me without any prepayment. * * * I said [to the agent]: 'I will not pay that. Shall I unload the car?' He said: 'Yes, unload it; go ahead.'"

This testimony is uncontradicted. On August 20, 1907, plaintiffs wrote defendant as follows:

"We have received your check in payment of manure sent you. We sent this bill out first; then sent another upon which the freight was advanced. The freight bills did not come in to us for such a long time after they are in the habit of coming that we supposed the freight had been paid by you. So we herewith inclose bill for the freight paid by us, which you had rightly expected to have included in our bill."

The bill so inclosed was as follows:

"July 29. To freight [setting out cars and quantity], $149.64."

To which defendant replied that, when the $2.40 rate was rectified, he would send check. This bill cannot be correct; for, the last shipment being August 6th, the freight charges could not have been made July 29th. If plaintiffs supposed the freight was paid by defendant, is not the latter corroborated? And was not its payment by plaintiff

on August 17, 1907, without authority? The startling rate of 12 cents per 100 pounds for less than three miles, especially as the manure had been delivered, should have arrested plaintiffs' attention and caused them to confer with their customer before making such a payment for his account.

I do not see that the interstate commerce act (Act Cong. Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]) is involved here, and therefore Baltimore & Ohio R. R. Co. v. Ladue, 128 App. Div. 594, 112 N. Y. Supp. 964, is not applicable. The complaint in this action alleges defendant's promise to pay "the fair and reasonable charge." The record does not disclose any evidence to sustain that cause of action. Therefore the motion to dismiss should have been granted. But, aside from this, the proofs are convincing to me that the payment claimed by plaintiffs was voluntary and unauthorized as well. Defendant, however, testified that in September, 1907, he paid $1.85 freight to Stratton's Brook. At that rate, 62.35 tons would be $116.34.

Defendant says he is willing to pay, and therefore the judgment will be reversed, and a new trial ordered, with costs to appellant, unless the plaintiffs stipulate within five days to reduce the same to the sum of $116.34 and costs in the court below, in which event the judgment, as modified, is affirmed, without costs of this appeal.

SEABURY, J., concurs. LEHMAN, J., votes for affirmance.